08-2667-pr
Blaylock v. Borden

**UNITED STATES COURT OF APPEALS**

FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand and ten.

Present: RICHARD C. WESLEY,
         GERARD E. LYNCH,
                    *Circuit Judges*,
         MARK R. KRAVITZ,
                    *District Judge*.*

_____

MICHAEL BLAYLOCK,
                    *Plaintiff-Appellant*,

        - v. -                              (08-2667-pr)

CORRECTIONAL OFFICER BARRY BORDEN,
SERGEANT JOHN SWANSON, DR. JOHN
SUPPLE, AND JANE DOE, of Fishkill
Correctional Facility, in their
individual and official capacities,
                    *Defendants-Appellees*.**

_____

Appearing for Appellant:   MICHAEL BLAYLOCK, *pro se*, Staten
                           Island, New York.

---

        * The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

        ** The Clerk of the Court is directed to amend the official caption as set forth above.

1

Appearing for Appellee:     RICHARD O. JACKSON, Assistant
                            Solicitor General, *for* Andrew M.
                            Cuomo, Attorney General of the
                            State of New York, New York, New
                            York.

Appeal from the United States District Court for the Southern District of New York (Chin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED.**

Plaintiff Michael Blaylock appeals from the April 16, 2008 judgment of the district court, granting defendants' motion for summary judgment and dismissing his complaint with prejudice. Plaintiff's complaint alleged that defendants violated his Eighth and Fourteenth Amendment rights by failing to prevent another inmate from assaulting him, acting with deliberate indifference towards his medical needs, and causing him to be wrongfully disciplined. He also asserted a violation of New York State Correction Law § 137, arguing defendants failed to provide him with a safe and secure environment.[1] We presume the parties'

---

[1] The district court granted defendants' motion to dismiss plaintiff's state law claim for lack of subject matter jurisdiction. The district court also denied plaintiff's motion for leave to amend his complaint. Plaintiff does not address these dispositions before this Court, therefore they are deemed abandoned. *See Pabon v. Wright*, 459 F.3d 241, 247 (2d Cir. 2006). Similarly,

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews a grant of summary judgment *de novo*. *Anderson v. Recore*, 446 F.3d 324, 328 (2d Cir. 2006). We construe the evidence, as we must, in the light most favorable to the non-moving party. *Id.* On appeal, plaintiff contends that summary judgment was improperly granted to defendants because the district court impermissibly resolved factual issues against him. We disagree. The district court applied the appropriate standard in granting summary judgment to defendants and explicitly resolved all conflicts in the evidence in favor of plaintiff.

As the district court noted, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The district court properly determined that no reasonable jury could find that plaintiff's conditions of confinement posed a substantial risk of serious harm or that

plaintiff does not appeal his due process claim arising from the disciplinary hearing following his altercation with his fellow inmate. This claim too is deemed abandoned on appeal. *See id.*

3

defendants acted with deliberate indifference to that risk. *See id.*

The record supports the district court's grant of summary judgment to defendants on plaintiff's claim that he was denied proper medical care. Plaintiff's claim regarding the alleged deprivation of medical care fails, as a matter of law. *See Salahuddin v. Goord*, 467 F.3d 263, 279-81 (2d Cir. 2006).

The Court has reviewed Plaintiff's remaining arguments and finds them to be without merit. Accordingly, for substantially the reasons stated in the thorough and well reasoned opinion of the lower court, the judgment of the district court is hereby **AFFIRMED**.

For the Court
Catherine O'Hagan Wolfe, Clerk

4